IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:25-cr-00123-CNS

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ISHMAEL PETTY,

 Defendant.

## ORDER

 Before the Court is Defendant Ishmael Petty's Motion for Preservation of Evidence. ECF No. 25. For the following reasons, the Court GRANTS Mr. Petty's preservation motion to the extent he seeks video and audio recordings in current possession of the government.

 The Court presumes the parties' familiarity with this case's factual and procedural background. In his preservation motion, Mr. Petty seeks, for mitigation purposes, "preservation of all video and audio recordings of [him] in the possession of the government, and on a continuing basis going forward" through the pendency of this case. ECF No. 25 at 1; *see also id.* at 10. The government counters Mr. Petty has not met his preservation burden—specifically because the "information being sought is not material" and therefore Mr. Petty "fails to demonstrate materiality." ECF No. 34 at 11. The Court disagrees with the government.

1

As a preliminary matter, the parties cite competing legal authority they contend establishes the legal standard governing preservation in this capital case. *Compare* ECF No. 25 at 8, *with* ECF No. 34 at 7. Having considered the parties' arguments, the Court finds persuasive Mr. Petty's argument that he need only establish a "substantial basis for claiming that a mitigating factor will apply at the penalty phase . . . to invoke" the government's "obligation under *Brady* and its progeny to produce any evidence which is material to that mitigating factor." *United States v. Con-Ui*, No. 3:13-CR-123, 2016 WL 4140520, at *3 (M.D. Pa. Aug. 4, 2016) (quotations omitted); *see also United States v. Beckford*, 962 F. Supp. 804, 811 (E.D. Va. 1997) ("Importantly, at this pre-trial stage, the defendants need only establish a 'substantial basis for claiming' that a mitigating factor will apply at the penalty phase.") (quoting *United States v. Agurs*, 427 U.S. 97, 106 (1976)); *United States v. Bowers*, No. CR 18-292, 2021 WL 9351137, at *2 (W.D. Pa. June 21, 2021) ("*Brady* and Rule 16 allow for broad discovery regarding mitigating evidence.").

Under this standard for preservation in the mitigation context, Mr. Petty has met his "substantial basis" burden as to past evidence. *See, e.g., Con-Ui*, 2016 WL 4140520, at *3. Mr. Petty seeks video evidence in the government's possession because such video evidence could be "presented as mitigation." ECF No. 25 at 5. Such evidence, Mr. Petty persuasively argues, could be presented to show "[his] background and what has informed his record and character"—evidence attendant to a statutory mitigation factor applicable at the penalty phase, should this case proceed to that phase. *Id.* at 9; *see also* 18 U.S.C. § 3592(a)(8) (setting forth mitigating factors, including "factors in the defendant's background, record, or character or any other circumstance of the offense

2

that mitigate against imposition of the death sentence"); *Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982) ("[T]he [jury] . . . [can]not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." (quotation omitted)).

The government argues Mr. Petty has not met his "materiality" burden, and in doing so cites legal authority outside the capital context. *See, e.g.,* ECF No. 34 at 1; *United States v. Weiss*, No. 05-CR-179-B, 2006 WL 1752373, at *1 (D. Colo. June 21, 2006) (analyzing discovery motions for defendants charged with mail fraud, wire fraud, and witness tampering); *United States v. Cates*, 73 F.4th 795, 799 (10th Cir. 2023) (concerning appeal of denial of motion to suppress following entry of conditional guilty plea). The Court disagrees. Mr. Petty has shown that the evidence he seeks is material for mitigation, given particularly § 3592(a)(8). The evidence he seeks would "tend to prove or disprove a fact or circumstance which a [jury] could reasonably deem to have mitigating value." *Bowers*, 2021 WL 9351137, at *3; *Tennard v. Dretke*, 542 U.S. 274, 284 (2004). *Cf. Bowers,* 2021 WL 9351137, at *3 (concluding evidence was not "mitigating evidence" because it "[did] not point to *any aspect* of the Defendant's character or record or circumstances" of the charged offense) (emphasis added). Specifically, that the recordings "may constitute evidence the defense may wish to present to educate the jury on Mr. Petty's *background* and what has informed his *record and character*." ECF No. 25 at 9 (emphases added); *see also* § 3592(a)(8).

Thus, not only has Mr. Petty advanced a "substantial basis for claiming" that § 3592(a)(8) will apply at the penalty phase, he has also shown that the evidence he seeks

is "material" to § 3592(a)(8)'s mitigating factors. *Con-Ui*, 2016 WL 4140520, at *3. Further, there is a "reasonable probability" that, based in part on this evidence, a jury could reach a different result than capital punishment, *see Beckford*, 962 F. Supp. 804 at 811, and evidence that could show the conditions and nature of Mr. Petty's confinement have more than "some abstract logical relationship" to mitigation, *Con-Ui*, 2016 WL 4140520, at *3 (quotations omitted). *See also* ECF No. 25 at 9. And the government recognizes, as it must, that "a capital defendant may submit any relevant mitigating evidence . . . with wide latitude to raise any aspect of his or her character or record and the circumstances of the offense." ECF No. 34 at 8; *Bowers*, 2021 WL 9351137 ("*Brady* and Rule 16 allow for broad discovery regarding mitigating evidence."). And to the extent the government argues Mr. Petty could adduce comparable mitigation evidence "more effectively through other means," ECF No. 34 at 9, this argument does not bear on whether he has met his burden as to the evidence he currently seeks. *See, e.g., Beckford*, 962 F. Supp. 804 at 811.

The Court makes three closing remarks. First, Mr. Petty's motion does not demand the Court, at this stage, "to determine whether certain evidence will be admitted at sentencing, or to decide which mitigating factors will be submitted to the jury at the penalty phase (if there is one)." *Id.* And the Court, in conducting its *preservation* analysis, makes no findings as to what evidence is or is not admissible at sentencing, draws no conclusions as to what mitigating facts may be submitted to the jury, and expresses no opinion on the persuasiveness of such evidence as mitigation. Second, and relatedly, the Court makes no factual findings itself regarding the conditions of Mr. Petty's confinement. Third, because the Court determines Mr. Petty has met his preservation burden as to past

4

evidence, it need not address Mr. Petty's additional arguments regarding "future dangerousness" and good behavior. *See, e.g.,* ECF No. 25 at 9. Should the relevance of the evidence Mr. Petty seeks to preserve become an issue as to either future dangerousness or good behavior, the Court will address any such relevance or admissibility challenges at an appropriate time in the future.

* * *

This Order concerns only whether the evidence Mr. Petty seeks should be preserved pursuant to governing law and the nature of Mr. Petty's preservation request. Consistent with the above analysis, as to video and audio evidence in the government's current possession, it should. Accordingly, the Court GRANTS Mr. Petty's preservation motion to the extent he seeks video and audio evidence currently in the government's possession. ECF No. 25. The government is ORDERED to preserve all video and audio recordings of Mr. Petty in its possession.

The Court DENIES WITHOUT PREJUDICE Mr. Petty's request for all video and audio recordings that will exist moving forward in the pendency of this litigation. The parties shall confer regarding this evidence and its preservation and, if they are unable to reach a preservation agreement, set forth their positions regarding preservation of this evidence in the parties' draft scheduling order due by June 10, 2025 for the Court to subsequently address if necessary.

DATED this 7th day of May 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge