IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:25-cr-00123-CNS-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ISHMAEL PETTY,

     Defendant.

---

**ORDER**

---

## I.     INTRODUCTION

Before the Court are three motions filed by the parties, all concerning a fundamental issue: the discovery and preservation of audio and video material regarding Defendant on Range 13. *See, e.g.,* ECF No. 173. As they address the same fundamental issue, the Court addresses Defendant's fully briefed Motion to Compel Production of Audio and Video Footage Preserved Under Court Order, *id.*, first. Explained further below, because the Court's analysis of this motion resolves virtually all of the issues raised in the government's Motion to Clarify ECF 42, *see* ECF No. 176, and Defendant's recently filed Motion for Evidentiary Hearing on BOP's Audio and Video Recording Capabilities on Range 13, *see* ECF No. 187, its subsequent analysis of those two motions is brief.

Such analysis leads to this conclusion: the Court's May 7, 2025 order—ECF No. 42—required the government to "preserve all video and audio recordings of Mr. Petty in its possession." ECF No. 42 at 5. And it denied without prejudice his "request for *all* video

1

and audio recordings that *will exist* moving forward in the pendency of this litigation." *Id.* (emphases added). Subsequent preservation orders were consistent with this order: "The government is to continue preserving video and audio recordings of Defendant in its *current possession* as previously ordered." ECF No. 102 at 2 (emphasis added).

The Court makes a preliminary observation. It accepts the parties' efforts to clarify those orders. The Court presumes such efforts and motion practice are intended to advance this case for the good of and in the interest of all parties and takes them seriously. But this presumption is troubled by the tone with which the parties' arguments are sometimes advanced. Take this excerpt from Defendant's response to the government's clarification motion: "How is it that only now the government claims an inability to preserve audio? Is it because doing so may benefit Mr. Petty's defense?" ECF No. 182 at 7. Just as this excerpt lacks legal and factual support, so too does it lack persuasive force. Implying the government is feigning an inability to preserve *without evidentiary support* is not, in the absence of such support, well-taken.

As one court has observed, "[w]hen lawyers begin to quarrel about each other the arguments tend toward the acrimonious." *United States v. McVeigh*, 931 F. Supp. 756, 759 (D. Colo. 1996). The Court invites the lawyers in this case to reflect on whether their future quarrels attend to disputes about "preparing for a trial," *id.*, or the merits of any future pretrial motions, or whether such quarrels—in contrast—tend toward acrimony, and by extension distraction and the diversion of everyone's "time, energy and resources," *id.*, including the Court's.

Having addressed with this preliminary matter, the Court proceeds in its analysis with Defendant's motion to compel and the remaining motions. In analyzing this motion

to compel, the Court presumes familiarity with this case's factual and procedural background, including the nature of the parties' instant dispute: Whether the government has complied and is complying with the Court's prior orders regarding the preservation of video and audio recordings of Defendant.

## II.    ANALYSIS

The Court first analyzes Defendant's motion to compel. The Court next analyzes the government's motion to clarify, before finally turning to Defendant's motion for an evidentiary hearing.

### A. Motion to Compel

At the outset, the Court observes that Defendant offers in his reply brief a "clarification regarding [the] relief sought." ECF No. 186 at 1. According to Defendant, the initial motion argues that—consistent with Defendant's position all along—the government had an obligation to "preserve all audio and video showing Mr. Petty at ADX that was in its possession at the time each order was entered." *Id.* And proceeding from this premise, Defendant requests—in his reply brief—that the Court "re-enter its order that the government preserve all video and audio recordings of Mr. Petty in its possession." *Id.* at 2 (citation modified).

The Court addresses this "clarification" further below. But the Court agrees with the government, *see* ECF No. 181 at 1, that Defendant in his initial motion *did* seek relief that is much broader in scope.[1] From the motion to compel: "[Defendant] seeks a Court order requiring the government to produce *all* audio and video footage of Mr. Petty." ECF No. 173 at 1 (emphasis added). And this initial request is premised on an incomplete

---

[1] And that for this reason, and as discussed further below, Defendant's request for relief in the motion to compel is different from the "clarified" request set forth in Defendant's reply brief.

3

understanding of the Court's prior order: "The Court previously ordered the government to preserve *all* video and audio recordings of Mr. Petty at ADX." ECF No. 173 at 14 (emphasis added). The Court previously ordered the government "to preserve all video and audio recordings of Mr. Petty in *its possession*" at the time of the May 7, 2025 order, ECF No. 42 at 5 (emphasis added), and denied without prejudice "Mr. Petty's request for *all video and audio recordings* that will exist moving forward in the pendency of this litigation," *id.* (emphasis added). The Court's July 18, 2025 order is consistent with this: "The government is to continue preserving video and audio recordings of Defendant in its current possession as previously ordered." ECF No. 102 at 2. Thus, to the extent that Defendant argues the Court "previously ordered the government" to preserve "*all audio and video footage*" of Defendant," ECF No. 173 at 1 (emphasis added), the Court clarifies for Defendant that this is an incorrect interpretation of the Court's prior orders. Such orders have never imposed an indefinite preservation obligation on the government. *See* ECF No. 42 at 5 ("The Court DENIES WITHOUT PREJUDICE Mr. Petty's request for all video and audio recordings that will exist moving forward in the pendency of this litigation.").

But the more fundamental issue with Defendant's motion to compel is that it is largely a descriptive recitation of the motion's factual background, and an explanation of the circumstances surrounding Defendant's request. The motion implicitly acknowledges this. *See* ECF No. 173 at 7 ("The defense provides the below additional information for purposes of *illustrating* why it is important that recordings from all devices . . . be produced in a timely manner." (emphasis added)). For example, Defendant devotes much of the motion to explaining the location of various cameras around Range 13, *see* ECF No. 173

at 3, and the government's prior productions with which Defendant takes umbrage, *see id.* at 6 ("Despite Mr. Petty going in and out of his cell nearly every day, the defense did not receive any footage from Camera 2."). Defendant also spends time explaining what he perceives to be temperature issues in Cell 40. *See id.* at 7.

To the extent Defendant advances any argument, it is that audio footage "may be considered by the jury in any penalty phase," *id.* at 8, 9, and that such footage is necessary to show how Defendant interacts with correctional officers, *see id. See also id.* at 9 ("Audio from the microphone in the sallyport would capture these interactions and demonstrate the respect Mr. Petty shows to staff members on a daily basis."); *id.* at 10. Defendant also appears to argue that production of audio and video files is necessary to advance arguments regarding the apparent issues as to the temperature in Defendant's cell. *See id.* at 11; *id.* at 13 ("Mr. Petty's defense team requested footage . . . for purposes of investigating and documenting the government's ongoing torture of Mr. Petty.").[2] And it's from here that Defendant asks in the motion for an order directing the government to produce "all available footage that shows Mr. Petty at ADX from all available recording devices and [to] set a reasonable timeframe for such production." *Id.* at 14.

But the Court agrees with the government that, as discussed above, Defendant's interpretation—at least as set forth in the motion itself—exceeds the scope of the Court's prior preservation orders. *Cf.* ECF No. 181 at 1. For this reason, the Court declines to

---

[2] To the extent that Defendant seeks evidence regarding "temperature changes," *id.* at 11, for *mitigation* purposes the Court may consider such arguments as they concern *mitigation.* But to the extent that Defendant seeks such evidence to essentially litigate a civil *conditions of confinement* case inside this criminal case, the Court declines to consider such evidence to litigate a civil matter. *See, e.g., Zeigler v. State of Ala.*, 731 F.2d 737, 739 (11th Cir. 1984) ("A criminal case presents considerations different from those in civil cases."). The Court notes that, based on Defendant's arguments, it's not entirely clear for which purpose Defendant seeks this footage, a confusion heightened by Defendant's refusal to cite any legal authority in advancing his argument about the "temperature changes." ECF No. 173 at 13.

grant Defendant the relief he seeks as set forth in the motion to compel. The Court likewise agrees with the government that Defendant provides *no* legal authority in support of the arguments advanced in his motion. *Compare* ECF No. 173, *with* ECF No. 181 at 2. But in considering the legal authorities cited by the government in its response brief, the Court concludes that it need not determine at this time whether the BOP is part of the "prosecution team," and thus part of "the government," for Rule 16 purposes. *Cf.* ECF No. 181 at 5. Instead, in resolving Defendant's motion to compel it is sufficient to observe the government correctly argues that Defendant offers no legal support for his arguments, *see id.* at 9, as well as that the government represents its willingness to "continue producing requested shorter stretches of video pulled by BOP like the video defense has already requested," *id.* at 10.

Recall that, in his reply brief, Defendant "clarifies" the relief he seeks. *See* ECF No. 186 at 1. This clarification attempts to revise the motion's original request for relief, which for the reasons set forth above is overbroad. *Cf. id.* And Defendant devotes the remainder of his reply brief responding to the government's arguments, chiefly that the government *does* have discovery obligations under Rule 16 and *Brady*, *see id.* at 2, as well as that it cannot avoid evidence production by "claiming the BOP is not part of the prosecution team," *id.* at 4 (citation modified). But, as with the government's arguments regarding the same, the Court need not address these at this time. While the Court has previously concluded that the information at issue is material as to § 3592(a)(8)'s mitigating factors, *see* ECF No. 42 at 3–4, this determination by itself is insufficient to grant Defendant all the relief he seeks at this time.

At bottom, the Court agrees with the government that neither Rule 16 nor *Brady* are so broad as to demand granting Defendant the relief he seeks now. *See, e.g.,* ECF No. 181 at 10. Taking Rule 16 first, which does apply to mitigation evidence in the capital context, *see, e.g., United States v. Wilson*, 518 F. Supp. 3d 678, 686 (W.D.N.Y. 2021), the Rule's reach is limited, *see, e.g., United States v. Tsarnaev*, Criminal Action No. 13–10200–GAO, 2013 WL 6196279, at *5 (D. Mass. Nov. 27, 2013) (observing in context of *materiality* analysis that "[defendant] essentially s[ought] access to the government's information haystack because he [was] confident there [were] useful evidentiary needles to be found there," but that this "[was] simply not enough to trigger a disclosure obligation under Rule 16(a)(1)(E)(i)"). Indeed, Rule 16 "does not authorize a blanket request to see the prosecution's file, and a defendant may not use the rule to engage in a fishing expedition." *United States v. DeLeon*, 426 F. Supp. 3d 878, 894 (D.N.M. 2019) (citation modified). This reasoning applies here. Rule 16 does not demand production of all "the audio and video recordings depicting [Defendant's] life at ADX," ECF No. 186 at 3, even if they may be material to Defendant's defense.[3]

As the government observes, *see* ECF No. 181 at 10, the same is true of *Brady. See, e.g., Kyles v. Whitley*, 514 U.S. 419, 436–37 (1995) ("[T]he Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense . . . . We have never held that the Constitution demands an open file policy." (citation modified)); *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) ("The constitution does not grant criminal defendants the right to embark on a broad or blind fishing expedition among documents possessed by the Government . . . ." (citation

---

[3] The Court notes that Defendant did not cite Rule 16 in seeking the production of audio and video material in the motion to compel. *See generally* ECF No. 173.

modified)); *United States v. Ary*, No. 05–10053–01–JTM, 2005 WL 2372743, at *5 (D. Kan. Sept. 27, 2005). Thus, *Brady* likewise does not sanction Defendant's overbroad request.[4]

To be sure, as noted above, Defendant appears to "clarify"—and narrow—his request for relief in his reply brief. *See* ECF No. 186 at 1. But it is borderline disingenuous in offering this clarification to say Defendant has "consistently taken" the position that the Court's prior preservation orders only required the government to "preserve all audio and video showing Mr. Petty at ADX that was in its possession at the time each order was entered." *Cf.* ECF No. 173 at 1 ("[Defendant] seeks a Court order requiring the government to produce *all* audio and video footage of Mr. Petty." (emphasis added)). And to the extent that Defendant meant for the overbroad request in his motion to compel to be limited to the "clarified" relief in his motion, this meaning—based on the plain language of Defendant's filings—was not obvious. This ambiguity as to the relief that Defendant seeks is compounded by the conclusion to his reply brief: "Mr. Petty asks the Court to order the government to produce *all available footage* that shows Mr. Petty at ADX from all available recording devices and set a reasonable time frame for such production." ECF No. 186 at 10 (emphasis added). This request for "all available footage" can be read as different from Defendant's initial, overbroad request, as well as different from the "clarified" request for production of audio and video that was in possession of the government at the time the Court entered its prior preservation orders. Which is itself

---

[4] The Court's *Brady* conclusion—again, involving a case that Defendant did not cite in the motion to compel—is not determined by any kind of "cost benefit analysis." *United States v. McVeigh*, 954 F. Supp. 1441, 1450 (D. Colo. 1997) ("Determining materiality of information discoverable under Rule 16 or required to be produced under Brady must not be made according to a cost benefit analysis."). Instead, the Court looks to the *breadth* of Defendant's request and its consistency with the Court's prior order, not the burdensomeness or administrability of that request for the government. *Compare id.*, *with Kyles*, 514 U.S at 436–37.

distinct from Defendant's request that the Court "re-enter its order that the government 'preserve all video and audio recordings of Mr. Petty in its possession' so that whatever records are currently in BOP's possession can be reviewed by the defense before re-engaging in conferral efforts on a potentially less burdensome preservation agreement." ECF No. 186 at 2.

In sum: Defendant's request for relief is unclear and appears to shift throughout the briefing of this motion. And Defendant's failure to cite any legal authority in his motion did not assist the Court in attempting to clarify it. But Defendant—and the government—now have the Court's guidance as to the scope of its prior preservation orders. So too does Defendant now have representations from the government that it "asked that BOP continue to preserve footage by pulling video," ECF No. 181 at 4, as well as that it is willing to continue producing "shorter stretches of video pulled by BOP like the video defense has already requested," *id.* at 10. The government has also represented in its motion to clarify that it has "asked that [the] BOP continue to preserve footage by pulling data every 20-30 days," despite any "significant burden" that such preservation has caused or may cause. ECF No. 176 at 6. *See also id.* at 9 ("The Government and BOP remain willing to meet with defense counsel and respond to any reasonable request for video of their client."). These representations appear compatible with a representation in Defendant's response brief to the government's clarification motion: "And the defense remains willing to consider alternative preservation arrangements." ECF No. 182 at 13. While Defendant's requests are not models of clarity, what *is* clear is the parties' willingness to cooperate or work together in providing Defendant with some video and audio discovery, notwithstanding that their pending motions may suggest otherwise. And

this willingness is, in the Court's eyes, significant, since this case—nearly a year old—simply must begin to proceed.

"Cooperation in a search for truth is not inconsistent with zealous advocacy." *United States v. McVeigh*, 954 F. Supp. 1441, 1451–52 (D. Colo. 1997). Given this, and consistent with the above analysis, Defendant's Motion to Compel Production of Audio and Video Footage Preserved Under Court Order, ECF No. 173, is DENIED WITHOUT PREJUDICE. *See Tsarnaev*, 2013 WL 6196279, at *5 (observing that "the matter c[ould] be revisited" if the government "ha[d] not produced material"). In light of the Court's Order, the parties are ORDERED TO CONFER regarding all video and audio recordings of Defendant and the preservation and production of such recordings. As the Court explained in its May 7, 2025 order, if they are unable to reach a preservation and production agreement, they shall set forth their respective positions in a draft scheduling order due on or before April 15, 2026, for the Court to address, if necessary, at the April 22, 2026 status conference.[5] It is the Court's hope that the parties' conferral efforts will be productive and permit this case to move forward.

### B. Motion to Clarify

As indicated above, the government seeks clarification as to the scope of the Court's previous preservation order. *See* ECF No. 176 (citing ECF No. 42). Specifically, the government "seeks confirmation and clarification that . . . the BOP and Government are not required to continue to preserve video of the defendant in his cell for the pendency of this matter." *Id.* The Court has set forth its interpretation of its preservation order at

---

[5] Given the parties' representations that the Court observed and quoted above, the Court remains optimistic that this draft scheduling order will indicate the parties have drafted such an agreement, or are nearing such an agreement, by the upcoming status conference.

ECF No. 42 above, in its analysis of Defendant's motion to compel. Therefore, granting the government's motion to clarify is proper, and the Court clarifies that its prior preservation order does not impose an indefinite preservation obligation on the government. And while subsequent preservation orders also imposed *some* preservation obligations on the government, those orders likewise did not impose an indefinite obligation. *See, e.g.,* ECF No. 102.

Defendant's response to the government's clarification motion concerns in large part whether the government has *complied* with such order. *See* ECF No. 182 at 1. These arguments are substantially similar to those the Court addressed in Defendant's motion to compel, and regardless do not bear on an analysis of the scope of the Court's prior preservation order. *Cf. id.* ("The Motion to Clarify candidly admits the government has not complied with this order."). And to the extent that Defendant seeks *relief* in his response brief in the form of an evidentiary hearing, this also does not bear on addressing the issues that the government presents in its motion to clarify. *See* ECF No. 182 at 11.

Accordingly, and consistent with the above analysis, the Court GRANTS the government's Motion to Clarify ECF 42. ECF No. 176.

### C. Motion for Evidentiary Hearing[6]

Finally, Defendant moves for an evidentiary hearing as to "BOP's ability to monitor Mr. Petty on Range 13 via video and audio devices and to preserve and footage thereof." ECF No. 187 at 1. In light of the Court's order on Defendant's motion to compel, the Court

---

[6] Although Defendant's motion for an evidentiary hearing is not yet fully briefed, the Court retains discretion to rule on it. *See, e.g., United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) (observing "[t]he power of district courts to manage their dockets"). And exercise of that discretion here is proper, in light of the Court's ruling on Defendant's motion to compel. Explained further below, the Court denies the motion without prejudice in the event that such a motion becomes necessary later in the course of litigation.

DENIES WITHOUT PREJUDICE Defendant's motion for an evidentiary hearing. Following conferral, and with the benefit of the Court's order on Defendant's motion to compel, Defendant may, if he believes it remains necessary, file another such motion to determine whether a hearing is necessary "for purposes of receiving evidence on the audio and video capabilities on Range 13" in order to procure the discovery he seeks, and for the reasons he seeks it. ECF No. 187 at 2. *See also id.* at 6 ("Mr. Petty's Motion to Compel provides *further justification* regarding the particular importance of audio recordings documenting his interactions with staff, as well as video footage from the sallyport that is only captured by Camera 2." (emphasis added)).

### III.    CONCLUSION

Consistent with the above analysis, the Court DENIES WITHOUT PREJUDICE Defendant's Motion to Compel Production of Audio and Video Footage Preserved Under Court Order. ECF No. 173. The Court GRANTS the government's Motion to Clarify ECF 42. ECF No. 176. The Court DENIES WITHOUT PREJUDICE Defendant's Motion for Evidentiary Hearing on BOP's Audio and Video Recording Capabilities on Range 13. ECF No. 187. If the parties are unable to reach a preservation agreement, they SHALL FILE and set forth their positions regarding preservation in a DRAFT SCHEDULING ORDER on or before April 15, 2026 for the Court to address, if necessary, at the April 22, 2026 status conference.

DATED this 7th day of April 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

12